# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TYRONE STALLINGS,

                      Plaintiff,

v.                                                      Case No. 24-CV-1458-JPS

REDGRANITE CORRECTIONAL
INSTITUTION and MILWAUKEE              **ORDER**
COUNTY CIRCUIT COURT,

                      Defendants.

Plaintiff Tyrone Stallings, a prisoner proceeding pro se, filed a complaint in the above captioned action along with a motion to proceed without prepaying the full filing fee, or to proceed *in forma pauperis*. ECF Nos. 1, 4. This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

1.     **MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On December 11, 2024, the Court ordered Plaintiff to pay an initial partial filing fee of $9.22. ECF No. 6. Plaintiff paid that fee on December 19,

2024. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. ECF No. 4. He must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

## 2. SCREENING THE COMPLAINT

### 2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right

Case 2:24-cv-01458-JPS    Filed 02/25/25    Page 2 of 5    Document 9

was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2    Plaintiff's Allegations

On April 15, 2016, a Milwaukee County Circuit sentenced Plaintiff to twenty years in prison. ECF No. 1 at 2. The judge sentenced Plaintiff twice for one shotgun. *Id.* at 2–3. Plaintiff maintains the judge imposed a sentence greater than the law authorized. *Id.* at 3. Plaintiff contacted Redgranite Correctional Institution about his judgment of conviction having sentencing errors. *Id.* Plaintiff asked that they contact the Milwaukee County Clerk to modify his judgment of conviction. *Id.*

### 2.3    Analysis

The Court will dismiss Plaintiff's complaint, without prejudice, because it is barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). As noted above, Plaintiff filed his complaint under 42 U.S.C. § 1983. However, a petition for a writ of habeas corpus under 28 U.S.C. § 2254 "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." *Id.* at 481. As explained in *Heck,* a plaintiff is precluded from bringing claims for damages if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his [state criminal] conviction or sentence." *Id.* This bar applies unless the underlying conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal

court's issuance of a writ of habeas corpus." *Id.* at 486–87. This same bar applies unless a plaintiff's state court revocation proceeding has already been overturned. *See Knowlin v. Thompson*, 207 F.3d 907, 909 (7th Cir. 2000) (recovery in a federal challenge "would necessarily imply the invalidity of [plaintiff's] Wisconsin parole revocation, which *Heck* instructs cannot be shown through a § 1983 suit."). Here, Plaintiff alleges errors by the sentencing judge that affects the duration of his incarceration. Since nothing in Plaintiff's pleadings or the publicly available information suggests his conviction has been invalidated or called into question, his challenge to these proceedings is *Heck*-barred.[1]

Finally, although courts generally must permit civil plaintiffs at least one opportunity to amend their pleadings, the Court need not do so where the amendment would be futile. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015). Because no amendment can overcome Plaintiff's *Heck* issue, it would be futile to allow him to amend the complaint. As such, the Court is obliged to dismiss this action, without prejudice.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to proceed without prepayment of the filing fee, ECF No. 4, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED without prejudice** because it is *Heck*-barred;

---

[1]The Court notes that Plaintiff's claims against Milwaukee County Circuit Court are also likely barred by judicial immunity. Judges are not liable in civil actions for their judicial acts unless they have acted in the clear absence of all jurisdiction. *John v. Barron*, 897 F.2d 1387, 1391 (7th Cir. 1990).

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $340.78 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution; and

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined.

Dated at Milwaukee, Wisconsin, this 25th day of February, 2025.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge